UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                Case No. 13-20107
                                Hon. Mark A. Goldsmith
                                Hon. Gerald E. Rosen

LAURICE D. POPLAR,

       Defendant.
_____/

**ORDER REGARDING DEFENDANT'S
MOTION FOR DISCLOSURE OF JURY WHEEL MATERIALS**

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         February 14, 2014

        PRESENT:  Honorable Gerald E. Rosen
                              Chief Judge, United States District Court

       Defendant Laurice D. Poplar is charged in a February 6, 2013 indictment with a single count of making false statements in connection with federal workers' compensation benefits and seven counts of wire fraud. Through the present motion filed on July 3, 2013, Defendant seeks the production of various records bearing upon the processes by which the grand jury was selected and the petit jury venire will be selected in this case, as well as additional materials relating more broadly to the juror selection process employed in this District. This motion and its accompanying brief are *word-for-word identical* to a motion and brief filed in another case pending before Judge Goldsmith in the Flint division of this District, and this Court recently issued an opinion

and order resolving this latter motion. *See United States v. Oldham,* No. 12-cr-20287, Docket #358, 2/7/2014 Opinion and Order. Accordingly, the Court sees no reason to issue a separate opinion addressing the identical arguments advanced in the present motion, but instead adopts and incorporates by reference its ruling in *Oldham,* a copy of which is attached to this order.

Through the present order, however, the Court amends certain portions of the decision in *Oldham* in order to reflect minor differences in the background facts presented in this case. In particular, while the grand jury in *Oldham* was drawn from a master jury wheel created in 2008 for the Flint division of this District, *see Oldham,* 2/7/2014 Op. at 4 & n.5, the grand jury in the present case was drawn from the 2011 master wheel for the Flint division. Accordingly, the chart set forth at page 4 of the *Oldham* decision, reflecting the composition of the 2008 Flint division master jury wheel, must be revised as follows to reflect the composition of the 2011 Flint division master wheel:

| County | Percentage of Total | Number of Names |
|---|---|---|
| Genesee | 57.375% | 28,688 |
| Lapeer | 11.031% | 5,516 |
| Livingston | 22.743% | 11,372 |
| Shiawassee | 8.851% | 4,426 |
|  | 100% | 50,002 |

*See* Administrative Order No. 11-AO-007 (announcing this formula for the creation of the 2011 Flint division master wheel). Moreover, because some persons drawn from the 2011 master wheel have not yet completed their jury service, the portions of the *Oldham*

decision referring to the retired 2008 Flint division master wheel, as well as the right of public inspection of the records compiled and maintained by the court clerk for this retired wheel, *see, e.g., Oldham,* 2/7/2014 Op. at 12 (citing 28 U.S.C. § 1868 and § t(4) of this District's 2013 juror selection plan), are not applicable to the present case.

Finally, the discussion of absolute disparities at pages 12-13 of the *Oldham* decision must be updated to reflect the data for the different qualified jury wheel from which the grand jurors in this case were drawn. Specifically, the records maintained by the court clerk for the qualified wheel from which the grand jury in this case was drawn reveal that 7.47 percent of the individuals in this qualified wheel were African-American. When compared to the 2010 census data showing that African-Americans comprised 10.8 percent of the 18-years-and-older population for the four counties that make up the Flint division, the result is an absolute disparity of just over three percent.[1] As noted in *Oldham,* this absolute disparity likely is insufficient to "establish that the representation of African-Americans in the qualified wheel was not fair and reasonable." *Oldham,* 2/7/2014 Op. at 13 (internal quotation marks and citation omitted).

Upon considering its rulings in *Oldham* in light of the modestly different facts presented here, the Court finds no basis for departing from its decision in *Oldham.* Rather, just as the Court determined in *Oldham* that the defendant in that case was

---

[1] By contrast, the qualified wheel from which the grand jurors in *Oldham* were drawn had African-American representation of 6.95 percent, resulting in an absolute disparity of just under four percent. *See Oldham,* 2/7/2014 Op. at 12-13.

entitled to access to some of the materials sought in his motion but not others, *see Oldham,* 2/7/2014 Op. at 14-19, the Court likewise finds that Defendant here should be granted the same access to the relevant juror selection materials for this case as maintained by the court clerk for this District.[2]

Accordingly, for these reasons, as well as the reasons stated in this Court's decision in *Oldham,* which is adopted and incorporated herein by reference,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 3, 2013 motion for disclosure of jury wheel materials (docket # 13) is GRANTED IN PART and DENIED IN PART, in accordance with the rulings in *Oldham* and in the present order. Specifically, Defendant shall be granted access to:

(i)   items (a) through (c) listed in paragraph 15 of her motion;

(ii)  items (e) and (f), to the extent that these requests encompass AO-12 forms or similar records maintained by the court clerk relating to the 2011 Flint division master jury wheel and qualified wheel from which the grand jurors in this case were drawn; and

(iii) items (g) and (h), in the format customarily made available for inspection by the court clerk, to the extent that these requests seek the disclosure of the juror number, race, and Hispanic ethnicity information contemplated under Administrative Order No. 00-AO-060 of this District.

---

[2]Again, the one possible wrinkle that might prevent the Court from wholesale adoption of its *Oldham* decision in this case is that the records for the 2011 Flint master jury wheel are not yet available to the public under 18 U.S.C. § 1868, because jurors drawn from this master wheel have not yet completed their service. This implicates items (e) and (f) of the list of materials sought in Defendant's motion, as the Court's willingness to grant access to these items in *Oldham* was predicated on the right of public inspection of these materials under § 1868. Nonetheless, the Court understands that the AO-12 form sought by Defendant under item (e) is sometimes made available to counsel even for a master jury wheel that has not yet been retired, and the Court finds that this disclosure would be appropriate in this case.

4

In all other respects, Defendant's request for information bearing upon this District's juror selection process is denied.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 14, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135
